Good afternoon, Your Honors. My name is Carlos Cruz, and I represent the petitioner, Mr. Mohamed Shaddat. I'd like to reserve two minutes for rebuttal, please. Certainly. Thank you. Your Honors, this Court should reverse the decision of the Board of Immigration Appeals affirming the denial of petitioner's applications for political asylum and withholding of removal based on the following two reasons. First, the adverse credibility finding made by the immigration judge is not supported by substantial evidence. And second, the government was unable to rebut the presumption of a well-founded fear of future persecution based on changed country conditions. Counsel, I'd like to ask you about the first. Yes, Your Honor. Now, the immigration judge could have found your client credible. In fact, she was very sympathetic toward him. But she gave very specific reasons why she could not find him credible. Now, in order to overturn that, we have to find that there is evidence that your client is credible. What is that evidence? Yes, Your Honor. Thank you. The judge did note two particular discrepancies that he felt were serious enough in the record to find petitioner not credible. And I'd like to analyze each one of those discrepancies and tell you exactly why there is insubstantial evidence to defer to his determination. The first discrepancy lies with the testimony that petitioner provided at the hearing regarding the second incident when he was attacked. His testimony was that he was attacked with hockey sticks and other sticks, according to his testimony. Yet the notes at the credible fear interview made by the officer who conducted that interview provide that the petitioner was actually cut with knives. And there is a reference in the notes that provide for that annotation and entry. And here I can offer at least five reasons about why this is insufficient to defer to the immigration judge's finding. First of all, the asylum application, which followed the credible fear interview, does not provide that he was actually cut with knives during that second incident. When asked about it at the hearing, he said, I never told the officer that I had been cut with knives. In fact, he said, I told him that I had been cut with knives during the third incident, which then prompted petitioner to flee. But more importantly, your honor, if you look at the summary report for the credible fear interview, the summary of the interview provides that petitioner was actually cut with knives during the third incident, and makes absolutely no reference to any cut with knives during the second attack. And you can find that at page 130 in the record, where the officer provides a summary regarding the events described by petitioner. Certainly, there is a discrepancy between that summary and the notes that the officer made. There's an inconsistency there, as that particular information was not included in the summary. I've argued, your honor, that the officer, if the judge was going to rely on that information, should have come in to testify and explain why his summary of the events doesn't include a stabbing incident during that second attack, and why the notes do, in fact, provide for that. Petitioner submitted at the hearing that perhaps the officer misunderstood when he had been stabbed. Perhaps he later understood that it was during the third incident that he had been stabbed, as that's what the summary of the interview provides in that particular section of the worksheets. So there is really there insubstantial evidence to know exactly what petitioner said at the hearing, and what the notes that were taken by the incredible fair interview officer are conflicting. The worksheet does not correspond with the notes that were taken on that date. And I believe that that is very, very important to note. Also, petitioner never signed the notes that were made by the interviewing officer. He never adopted those notes as his own. In certain cases, the officer makes notes, and the petitioner, the individual, later no such statement was made here by petitioner regarding the veracity of the notes that were taken by that officer during the interview that was conducted. Another point which I think is also very important is that the failure to mention the stabbing incident, not just during the hearing, but also in the asylum application, where that's also part of the record, is that that failure doesn't enhance petitioner's claim. If anything, it minimizes the claim, because there's a decision by this court that says that those discrepancies that do not bolster a claim for asylum should not be used to find a person incredible, as was done here by the immigration judge. And so for those reasons, Your Honor, we would submit to the court that that basis, which was 50 percent of the basis applied and used by the immigration judge in reaching his conclusion, is insubstantial. There is not enough there to find that that discrepancy, given these reasons I've noted, is substantial to defer to the immigration judge's credibility finding. The judge then offers a second reason, and this is now where 100 percent of his adverse credibility finding lies, and that is a difference between testimony and the letter that was submitted by petitioner himself regarding his wounds. Petitioner testified that in addition to the other injuries he suffered, and more importantly, that they tried to cut his hands, and also that in the asylum application, that his arm was broken. The medical letter makes references to various injuries, a broken nose, a nosebleed, bruising, but it also says that there were grievous injuries made by dull objects or dull instruments, dull weapons. Now, there are two things here that I'd like to note for the court. First of all, it is true, as noted by the immigration judge, that there's information missing in that particular letter regarding the claim made by petitioner. But I submit that missing information in that letter is insufficient to defer to an adverse credibility finding. That's one aspect of it. And the other aspect, which I think is also very important, is that the judge misunderstood the letter. And I'd like to The letter provides that bruises were caused with a blunt instrument. That the bruises were caused by a blunt instrument. The letter does not say that. What the letter says is that severe injuries, grievous injuries, were caused with blunt weapons. There is a huge distinction between severe injuries and bruises. In this case, unfortunately, the severe injuries are not identified in that letter, at least not very specifically. Some are noted, but those severe injuries are not identified. But in addition to the severe injuries, the letter provides that there was also bruising. So we have severe injuries and bruising caused by these blunt instruments. But the judge says that it was the bruises that were caused by the blunt instruments. And so, therefore, by looking at the letter in that regard, he completely ignores the fact that, in addition to the bruising, there were severe injuries, although unspecified, that were caused by these blunt weapons. We don't know what that blunt weapon could have been. That, unfortunately, is not identified. And so, unfortunately, the letter does not provide a basis to substantiate the claim, certainly. It's not the type of corroborating evidence that would further support the case. But nevertheless, it's also not the type of evidence that will lead this Court to find that there is a warrant claim that in one of the incidents there was an attempt to cut off his hands. That was the third incident, Your Honor. Yes. And there was some medical information about that following that? Yes, Your Honor. There was a letter submitted by Petitioner regarding that. And, unfortunately, the letter does not specifically provide that there were injuries to his arms or that there were injuries caused by the use of a knife. What the letter does provide is that there were severe injuries. Well, following up on Judge Nelson's point, I'm imagining the ideal, perfectly neutral immigration judge, not disposed one way or the other. And there are two of these imaginary people. One of them could look at just what I've described. That is, testamentally, they tried to cut off my hands. And they would look at that and say, well, maybe the doctor just left it out. Maybe it was just left out of the description. Whereas another perfectly reasonable trier of fact could look at that and say, the fact that this medical report, such as it is, says nothing about cuts, and this man is claiming these people tried to cut off his hands, that's a pretty serious discrepancy. Yes, Your Honor. And in a... Your conclusion would be reasonable, wouldn't it? Your Honor, there is a reasonable conclusion to be reached there. But this Court, in a separate context, has dealt with that issue. Well, let's start with my question. Yes, and I... Wouldn't either conclusion be reasonable? Your Honor, I do not believe that simply because certain information was left out of the letter, that that is sufficient to find that Petitioner was not credible when the immigration judge noted that he was reluctant to find that he was incredible, and when he noted that Petitioner had otherwise testified in a straightforward manner. When this is the only basis to find that the person is not credible, given that the other reason, I believe, can be dispelled quite easily. When this is the only reason, I submit to the Court that, no, it is unreasonable to basically find that he is incredible based on an omission in a letter when everything else suggests that Petitioner was credible. Your Honor, I see I only have 10 seconds. I'd like to reserve that briefly for rebuttal. Thank you, Your Honor. We'll hear from the government at this time. Thank you for your argument. Good afternoon, Your Honors. Nora Osprey Shores for Respondent Alberto Gonzalez. What we are talking about is a document that Petitioner himself produced to corroborate his claim. His claim he made within six months of when the incident happened. This is not central to his claim. It is his claim. He claims he was stabbed. An attempted amputation was made. And in language in his asylum application, which directly parallels the language in the credible fear interview report, he says, my arm was broken. Now, the medical report which he himself produced to corroborate his claim says the nose was broken and he had serious injuries from a blunt instrument. Nothing about a cut. And he testified to cuts and attempted amputation. Nothing about cuts. Nothing about any slashes on the arm. And blunt instrument, in spite of the fact that counsel made a wonderful imaginative argument in his opening argument and in his opening brief, never suggested below that blunt instrument meant dull knife. And as Your Honor pointed out, a reasonable person is not required to read a doctor's note that says obviously injuries caused by a blunt instrument are injuries that are caused by a dull knife. Nowhere in the record is it offered for the first time on appeal, and it doesn't make sense. A reasonable person does not have to believe it. And this is, as I said, not central to his claim. It is his claim. These people are trying to kill me. They're stabbing me. I go to the hospital, but the hospital doesn't corroborate that type of injury. He says broken arm. They say broken nose. You know six months from when you were attacked if you had a broken arm or a broken nose. Moreover, there are other discrepancies. He says in his asylum application he reported the incident to the police and they did nothing. In his testimony he said, I didn't bother going to the police. I know they wouldn't do anything. So, I mean, there are a lot of things. And plus the fact he testified he would lie if he thought it would save his life. Obviously he thinks he's in danger, and he will say anything that he thinks will get him, prevent him from having to go back to Bangladesh. But that doesn't qualify him for asylum, and it certainly doesn't make him credible. The adverse credibility is certainly supported in the record by many discrepancies which, as I said, do not go to the heart of his claim. They are his claim. Counsel, suppose the immigration judge found two major inconsistencies. Suppose that we find only one. Are we still required to affirm? Absolutely, because either one is dispositive of the claim. If he is inconsistent on a material fact that is outcome determinative of his claim, then he has lied about one, and his credibility is in doubt on everything, in addition to which he's testified that he's willing to lie. So if we can find him in one specific lie, which we obviously have, how can we believe anything that any of this happened? I mean, he's not a stupid person. He's educated. He was very popular, which he testified to, and he's a good communicator. He knows what he has to say to succeed, and he has stated his willingness that he will say it. But he's not done so consistently. Therefore, the adverse credibility extends to a vehicle. Attempting to embellish his claim? Yes. Oh, please. From being beaten with a hockey stick to having your arm, you know, somebody trying to cut off your arm, I think that's an embellishment, and I think a reasonable person would. In addition to which, saying I reported it to the police, I didn't report it to the police because I knew it wouldn't do any good, that's an embellishment. Does the core of his claim remain intact? I beg your pardon? The core, the heart of his claim is still there, right, isn't it? Well, it depends on what you consider the core. I consider the core of his claim that somebody attacked him and tried to kill him and stab him and cut off his arms and stabbed him. And that's the core of his claim, and he hasn't proved it. The evidence on that is completely inconsistent. The core of his claim is that he was persecuted in the past, singled out for his crimes, and that he was armed. And if he's not consistent on that, then everything is in doubt. He apparently sought medical care, and the doctor's letter corroborates that. Well, Your Honor, I would say that he sought a letter from a doctor, but it doesn't corroborate the type of injuries that he specifically testified to and in his asylum application and told the credible fear interviewer. Counsel pointed out the letter does say that he sustained serious, what was it? Blunt injuries from a blunt instrument. His exact words were? I have that. Grievous in nature with blunt weapons and swelling. Grievous in nature. Sounds pretty serious. Yes, but you have to believe that this is actually a doctor's report of a medical condition which existed, because we don't believe him because, again, he's admitted his willingness to lie. His story of the injuries is completely different from the medical report. How can we credit, fully credit the medical report when it doesn't really corroborate his claim? Moreover, the immigration judge noted, I see you have a lot of friends here. So it's the medical report that's not credible. Well, I don't know. What's credible here? We didn't find anything credible, because nothing is reliable when his injuries are so at great variance. With the medical report, how do we know he didn't say, oh, call up a friendly doctor and say, would you do a report, and then forget what he had asked the doctor to say or wasn't specific and the doctor said something different than he had said? Plus, we don't see any scars. I mean, he says he was stabbed. The doctor says you were hit with a blunt instrument and you were bruised. Big difference between being cut and being bruised. I think that's now the, by my count, the fifth time we've heard that. Okay. Is that your argument? Well, let's see. Do you want to address the changed country conditions? Well, the credibility either does it or doesn't do it. Through time, counsel, you use it any way you'd like. There are, there were two alternative findings. And the immigration judge did find that country, that his party was now in power. And despite the fact that the record shows a couple of adverse incidents immediately after the election, but not necessarily when the party took power from the interim government, the fact is in a 2002 report, the only incidents against BNP members, which is his party, were just right after the election. And his claim that the military rounds everyone up and puts them in stadiums and shoots them, there's nothing in the record to support that. But again, as you say, the stronger part is the adverse credibility. It is fully supported in the record. The main thing is the claim, and he is inconsistent, his corroboration is inconsistent, and it doesn't support his claim. And the evidence does not compel otherwise. Any questions, Your Honors? I don't think so. Thank you. Thank you for the opportunity. Rebuttal? Yes, Your Honor. Thank you. Your Honor, first, this Court has held that credible corroborating evidence is not needed to prevail in an asylum claim. And here, although we have evidence which, unfortunately, is not the type of evidence that corroborates Petitioner's claim, certainly that type of evidence is not needed for Petitioner to prevail in this claim, so long as Petitioner is found credible. Second, Government Counsel argues that there are other inconsistencies. This Court has held that the Court will not affirm a decision by the Board of Immigration Appeals on grounds upon which it did not rely. Unless the judge relied on those inconsistencies to find him not credible, this Court can, therefore, not use those same grounds to find that he's not credible. We only have two reasons here. And lastly, Petitioner never testified that he lied. He simply said that he used a false passport to enter the United States, the way, unfortunately, many individuals do to enter this country. I see – well, I have a few more minutes. Regarding change – You're over time. I apologize, Your Honor. Allison, thank you, Your Honor. I do appreciate the time. Thank you. Thank you. Thank you, both sides, for their argument. The case just argued will be submitted for decision, and the Court will stand in recess. All rise. This Court will defend Petitioner.
judges: Hawkins, Paez, Wake